UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOSEPH NEATHERY (#333584)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 12-407-BAJ-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 6, 2012.


                     STEPHEN C. RIEDLINGER
                     UNITED STATES MAGISTRATE JUDGE

JOSEPH NEATHERY (#333584)

VERSUS                                          CIVIL ACTION

STEVE RADER, ET AL                              NUMBER 12-407-BAJ-SCR

<u>**MAGISTRATE JUDGE'S REPORT**</u>

Before the court is the Petition Under 8 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Joseph Neathery.

## I. Procedural Background

Petitioner was convicted of two counts aggravated burglary (counts one and two) and two counts armed robbery (counts three and four) in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana in November 2002.  Petitioner was adjudicated a second felony habitual offender.  Petitioner was sentenced to 15 years imprisonment at hard labor on counts one and two, the sentences to be served concurrently.  Petitioner was sentenced to 50 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence as to counts three and four, the sentences to be served concurrently with one another and with the sentences imposed on counts one and two.

Petitioner appealed his convictions and sentences.  The Louisiana First Circuit Court of Appeal vacated all original

sentences, all four enhanced sentences, and the habitual offender adjudication and the case was remanded with instructions. *State of Louisiana v. Joseph W. Neathery*, 2005-0026, (La. App. 1st Cir. 11/4/05), 913 So.2d 893 (Table).

Following remand, the State dismissed one count of aggravated burglary (count two), and the trial court re-imposed the original sentences on each of the remaining three counts. Petitioner was subsequently adjudicated a second felony habitual offender with respect to the first count of armed robbery (count three). Petitioner was sentenced to 50 years of imprisonment at hard labor without benefit of probation, parole or suspension of sentence for the first armed robbery count. The previously re-imposed sentences of five years imprisonment for aggravated burglary and 10 years of imprisonment for the other armed robbery count were not enhanced.

Petitioner once again appealed the convictions and sentences. The Louisiana First Circuit Court of Appeal affirmed all of the convictions and the sentences for the aggravated burglary count and the second armed robbery count (count four), vacated the habitual offender adjudication and the enhanced sentence, as to the first robbery count (count three) and remanded with instructions. *State of Louisiana v. Joseph W. Neathery*, 2007-1226, (La. App. 1st Cir. 12/21/07), 973 So.2d 179 (Table).

On June 27, 2011, the petitioner was re-sentenced.[1]  On

---

[1] Record document number 1-2, p. 6.

2

November 7, 2011, the petitioner was adjudicated a habitual offender and was sentenced to a five year term of imprisonment for aggravated burglary, a 49½ year term of imprisonment on one count armed robbery and a 10 year term of imprisonment on the second count of armed robbery, the sentences to be served concurrently.[2]

Petitioner explained in his habeas corpus petition that although his motion for appeal was granted, appellate counsel is awaiting supplementation of the state court record to prepare the appellate brief.[3]

## II.  Applicable Law and Analysis

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C.§ 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982),*cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A district court may notice on its own motion a petitioner's

---

[2] *Id*. at 7.

[3] Record document number 1, pp. 5, 9, 12.

failure to exhaust state remedies.  *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).  A review of the petitioner's habeas corpus application and the exhibits filed in support of the habeas corpus application showed that the petitioner has not present his claims to any state court.[4]

Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*.  The Louisiana Supreme Court's discretion to entertain an application for post-conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the Supreme Court would entertain, *see Richardson*, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.

It is clear from the record that the petitioner has failed to exhaust available state remedies.  Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

---

[4] *Id.*

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, August 6, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE